UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the matter of:

VERIFIED PETITION OF THE UNITED STATES OF AMERICA TO PERPETUATE TESTIMONY OF DR. JOHN SHAIRD PURSUANT TO RULE 27 OF THE FEDERAL RULES OF CIVIL PROCEDURE
_____/

Case No. 1:24-mc-00045

Hon.

**ORAL ARGUMENT REQUESTED**

**EXPEDITED CONSIDERATION REQUESTED**

**MEMORANDUM IN SUPPORT OF THE UNITED STATES' VERIFIED PETITION TO PERPETUATE TESTIMONY OF DR. JOHN SHAIRD**

The United States of America (the "United States") submits this Memorandum in support of its verified petition to perpetuate the testimony of Dr. John Shaird ("Dr. Shaird") under Rule 27(a) of the Federal Rules of Civil Procedure. The United States would use this testimony as evidence in a False Claims Act action against Edson Medical Associates PLLC, d/b/a PCA Pain Care Center ("Edson Medical") and its operations manager, Chad Gallimore ("Mr. Gallimore"), that it cannot presently bring. This action will allege that Edson Medical and Mr. Gallimore falsely submitted claims to Medicare in physicians' names for services that were not in fact rendered by a physician and did not meet the Medicare requirements for billing services rendered by others under physician supervision.

Dr. Shaird is Edson Medical's Medical Director. He is 72 years old and has terminal colon cancer. The United States seeks to preserve his testimony about his

role at Edson Medical, which will be critical to establishing whether claims billed in his name were false.

Given the time sensitive nature of the Dr. Shaird's condition, the United States respectfully requests that the Court set a hearing date on the Petition as soon as possible, while allowing enough time for the United States to comply with Rule 27. Rule 27 requires that the petitioner serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing at least 21 days before the hearing date. Fed. R. Civ. P. 27(a)(2). Thus, the United States respectfully requests that the Court quickly set a hearing date for 30 days in the future, so that the United States with may serve Edson Medical and Mr. Gallimore. For the Court's convenience, the United States has provided a proposed Notice of Hearing.

## BACKGROUND

The United States is investigating Edson Medical and its operations manager, Mr. Gallimore, for submitting false claims to federal healthcare programs in violation of the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq*. In particular, the United States has evidence that Edson Medical is submitting claims under physicians' National Provider Identifiers ("NPI") for services that were not rendered by those physicians and did not meet the requirements of billing services rendered by lower-level practitioners acting under the physicians' supervision. Dr. Shaird's NPI is one that Edson Medical and Mr. Gallimore appear to be using to submit, or cause the submission of, such fraudulent claims.

2

Medicare rules allow physicians to bill for certain services rendered by mid-level practitioners, such as nurse practitioners and physician assistants, where those services are "incident to" the services of the supervising physician. These incident to services are reimbursed by Medicare at the physician rate, as opposed to the reduced reimbursement rate for mid-level practitioners. Centers for Medicare & Medicaid Services, *Medicare Claims Processing Manual*, Chap. 12 §§ 110, 120 (Jan. 18, 2024); *Id.* at Chap. 23 § 30 (Apr. 9, 2024). For a mid-level practitioner's service to qualify as an incident to service, the physician must directly supervise the mid-level practitioner. 42 C.F.R. § 410.26(b)(5). In addition, the physician must personally and directly initiate the patient's course of treatment. 42 C.F.R. § 410.26(b)(2); Centers for Medicare & Medicaid Services, *Medicare Benefit Policy Manual*, Chap. 15 § 60.2 (Feb. 8, 2024). Therefore, incident to services cannot be rendered on a patient's first visit or in any subsequent visit where a change in the course of treatment occurs.

The United States believes that Edson Medical and Mr. Gallimore are submitting, or causing the submission of, claims under Dr. Shaird's NPI for services that were rendered by mid-level practitioners and did not meet these incident to billing requirements. The United States requires testimony from Dr. Shaird about the extent to which he examines and treats patients and supervises mid-level practitioners in order to establish that the claims Edson Medical submitted in his name were fraudulent.

3

At this time, the United States expects to bring an FCA action against Edson Medical and Mr. Gallimore, but it cannot presently do so. Although it has been diligently investigating this matter, the United States is waiting for Edson Medical to comply with an outstanding Civil Investigative Demand ("CID") before it can continue its investigation. While the United States waits, Dr. Shaird is suffering from terminal colon cancer and getting progressively sicker. The United States has attempted to accommodate Dr. Shaird by obtaining his testimony through less burdensome means, such as an affidavit or informal interview, but he has refused. Therefore, the United States believes that it must depose Dr. Shaird before filing its action against Edson Medical and Mr. Gallimore or it will lose his critical testimony.

## DISCUSSION

Federal Rule of Civil Procedure 27 provides a mechanism to perpetuate testimony for use in a future civil action by allowing certain depositions prior to the initiation of litigation. In relevant part, Rule 27(a)(1) provides:

> A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show: (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought; (B) the subject matter of the expected action and the petitioner's interest; (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it; (D) the names or a description of the persons whom the petitioner expects to be adverse

4

> parties and their addresses, so far as known; and (E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1). The Rule provides that the court must enter an order to perpetuate testimony if it is "satisfied that perpetuating the testimony may prevent a failure or delay of justice. . ." Fed. R. Civ. P. 27(a)(3).

These requirements are met here. If Dr. Shaird's testimony is not perpetuated, a failure or delay of justice is highly likely. While the United States prepares to bring its FCA action against Edson Medical, Dr. Shaird's cancer is progressing. If he dies before a deposition can occur, the United States will lose his testimony about his role at Edson Medical and will have difficulty establishing whether the claims billed in his name were false. In addition, since Edson Medical lists him as its Medical Director, his testimony is important to the future FCA action.

### 1. The United States Anticipates Bringing an FCA Action Against Edson Medical and Mr. Gallimore That it Cannot Presently Bring.

In accordance with Rule 27, the United States expects to bring an FCA action under 31 U.S.C. § 3729 *et seq.* against Edson Medical and Mr. Gallimore that it cannot presently bring. In particular, the United States expects to allege that Edson Medical and Mr. Gallimore submitted claims to federal healthcare programs under physicians' NPIs for services that were not rendered by those physicians and did not meet the Medicare requirements for billing services rendered by others acting under physician supervision. The United States believes that Edson Medical has used Dr. Shaird's NPI to bill such fraudulent claims.

5

The United States is diligently investigating this matter, but it cannot yet file suit. Nearly five months ago, on January 5, 2024, the United States issued a CID to Edson Medical. Edson Medical has been making rolling productions in response to this CID, but the United States is still awaiting a large volume of responsive documents that it needs to evaluate the extent of the fraud and continue its investigation.

This type of pre-filing investigation is commonplace in False Claims Act work. The False Claims Act explicitly contemplates that the United States will investigate allegations of fraud, including through documentary requests, before filing suit. 31 U.S.C.§ 3733(a)(1) ("the Attorney General, or a designee, may, **before commencing a civil proceeding** under section 3730(a). . .issue in writing and cause to be served upon such person, a civil investigative demand requiring such person— to produce such documentary material for inspection and copying.") (emphasis added). A thorough investigation is particularly important for False Claims Act matters where a complaint must meet the higher standard required by Federal Rule of Civil Procedure 9(b) to survive dismissal. *See, e.g., United States ex rel. Owsley v. Fazzi Assocs., Inc.*, 16 F.4th 192, 196 (6th Cir. 2021). Because the United States is still investigating and awaiting Edson Medical's compliance with the outstanding CID, it cannot rush to file a complaint merely to preserve Dr. Shaird's testimony.[1]

---

[1] While the United States could obtain Dr. Shaird's testimony through a CID for oral testimony, that testimony potentially would not be admissible in a future proceeding to the same extent as a

### 2. Through a Deposition of Dr. Shaird, the United States Expects to Establish Probative and Non-Cumulative Testimony About Whether Edson Medical and Mr. Gallimore Are Submitting False Claims in Dr. Shaird's Name.

A deposition of Dr. Shaird will provide non-cumulative and probative evidence about whether Edson Medical is using Dr. Shaird's NPI to bill for services that he did not render or adequately supervise. This meets the Sixth Circuit standard that "the testimony to be perpetuated must be relevant, not simply cumulative, and likely to provide material distinctly useful to a finder of fact. A determination that the evidence is absolutely unique [from what is available from other sources] is not necessary." *In re Bay City Middlegrounds Landfill Site v. Kuhlman Electric Corp.*, 171 F.3d 1044, 1047 (6th Cir. 1999) (upholding grant of Rule 27 petition).

Here, Dr. Shaird's testimony would undoubtedly be relevant, non-cumulative, and useful to the factfinder. The United States seeks to establish through Dr. Shaird's testimony: (1) the dates of Dr. Shaird's employment at the clinic and how his role has changed over time; (2) whether and how he supervises mid-level practitioners; (3) whether, how often, and for what services he sees and treats patients; and (4) whether he actually entered and/or signed notes on patient charts that purport to have his signature.

---

deposition, because it is not subject to cross examination. *See* Fed. R. Evid. 804(b)(1); 31 U.S.C. § 3733(a).

Testimony from Dr. Shaird about these issues is critical to determining whether Edson Medical used Dr. Shaird's NPI to bill fraudulent claims. As explained in detail above, in order to establish that Edson Medical was improperly billing in Dr. Shaird's name, the United States must establish that Dr. Shaird did not perform the requisite patient examinations or adequately supervise mid-level practitioners. Dr. Shaird undoubtedly has unique and personal knowledge about his activities at Edson Medical that would be relevant and useful to the factfinder in determining whether the claims submitted in his name were fraudulent. As its Medical Director, he is also uniquely positioned to testify on these matters and Edson's practices.

### III.  Perpetuating Dr. Shaird's Testimony is Necessary to Prevent a Failure or Delay of Justice Because it is Likely to be Lost Before the Filing of an Action.

Most importantly, perpetuating Dr. Shaird's testimony is necessary to prevent a failure or delay of justice because his testimony is likely to be lost before the United States can file its action. *See In re Bay City Middlegrounds Landfill Site*, 171 F.3d at 1047 (noting that the petitioner must show the "need to perpetuate testimony lest it be lost.").

Courts routinely grant motions to perpetuate testimony under Rule 27 where there is a risk that the witness will be unavailable at the time of trial due to age or infirmity. For example, in *PegaSync Technologies, Inc. v. Patros*, the district court granted a Rule 27 petition where the witness was 72, had undergone two serious

8

heart surgeries, and suffered from chronic anemia. *PegaSync Techs., Inc. v. Patros*, No. 14-MC-50440, 2014 WL 2763620, at *3 (E.D. Mich. June 18, 2014). *See also Go-To Transp., Inc. v. DMAX Ltd.*, No. 2:20-mc-38, 2020 WL 7237282, at *3 (S.D. Oh. Dec. 9, 2020) (granting a Rule 27 petition where the witness had Amyotrophic Lateral Sclerosis (ALS)); *In re Town of Amenia, NY*, 200 F.R.D. 200, 202 (S.D.N.Y. 2001) (perpetuating the testimony of a 77-year-old with a history of heart attacks under Rule 27).

It is hard to imagine a situation where there is greater risk that a witness's testimony will be lost than where the witness has been given a terminal diagnosis, as Dr. Shaird apparently has here. Dr. Shaird and his attorney have represented to the United States that Dr. Shaird has terminal colon cancer that is "surging." According to Dr. Shaird's counsel, Dr. Shaird has undergone multiple chemotherapy regimens, one of which he started just last month. His attorney reports that his tumors are not retreating, and he is getting continuously weaker, losing weight, and becoming more lethargic. If the United States cannot depose Dr. Shaird soon, it is highly likely that the United States will lose his testimony before it is able to file a complaint and seek his testimony through ordinary discovery.

## CONCLUSION

Based on the foregoing, the United States respectfully requests that the Court grant its Petition to perpetuate the testimony of Dr. John Shaird under Rule 27 to prevent a delay or failure of justice. Given the time sensitive nature of the Dr. Shaird's condition, the United States respectfully requests that the Court set a

9

hearing date on the Petition as soon as possible, while scheduling the hearing for 30 days in advance so that the United States may provide the requisite 21-day notice to Edson Medical and Mr. Gallimore. For the Court's convenience, the United States has provided a proposed Notice of Hearing.

Dated:  May 2, 2024                                                            Respectfully submitted,

                                                                                                    MARK A. TOTTEN
                                                                                                    United States Attorney


                                                                                                    /s/ Whitney M. Schnurr
                                                                                                    WHITNEY M. SCHNURR
                                                                                                    ANDREW J. HULL
                                                                                                    Assistant United States Attorneys
                                                                                                    U.S. Attorney's Office
                                                                                                    Western District of Michigan
                                                                                                    P.O. Box 208
                                                                                                    Grand Rapids, MI 49503
                                                                                                    Tel: (616) 456-2404
                                                                                                    E-mail: Whitney.Schnurr@usdoj.gov
                                                                                                    E-mail: Andrew.Hull@usdoj.gov